```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __September 29, 2023___

-against-

90-CR-861 (KMW)

**OPINION & ORDER**

JUAN DIAZ,

                         Defendant.

---------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

On November 21, 2022, the Court denied Defendant Juan Diaz's ("Diaz") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Op. & Order, ECF No. 41.) On December 28, 2022, Diaz filed a *pro se* motion for reconsideration or, in the alternative, a motion to renew.[1] (Def.'s Mot., ECF No. 42.) The Government filed a reply in opposition on September 11, 2023. (Gov't Opp'n, ECF No. 44.) Diaz now moves for appointment of counsel to assist him in filing his reply. (Def.'s Mot. Appointment Couns., ECF No. 45.) For the reasons set forth below, Diaz's motion for appointment of counsel is DENIED.

**BACKGROUND**

The Court assumes familiarity with the facts of this case, which are outlined in detail in the Court's November 21, 2022 Opinion and Order. (*See* Op. & Order at 1-3.) In its decision denying Diaz's motion for compassionate release, the Court found that (1) Diaz failed to show

---

[1] Due to the nature of his claims, the Court construes Diaz's motion as a motion for reconsideration. *See United States v. Frias*, No. 01-CR-307, 2022 WL 3700088, at *2 (S.D.N.Y. Aug. 26, 2022) (Keenan, J.) (construing a similar motion as a motion for reconsideration); *c.f. United States v. Cremer*, No. 12-CR-473, 2021 WL 75126, at *2 (S.D.N.Y. Jan. 8, 2021) (Ramos, J.) (noting that "courts in this District apply Local Criminal Rule 49.1(d) in this context.").

1

that he had exhausted his administrative remedies; (2) Diaz did not demonstrate that "extraordinary and compelling" reasons justified his release; and (3) the Section 3553(a) factors weighed against Diaz's release. (Op. & Order at 4-8.) In his pending motion for reconsideration, Diaz advances the same arguments that the Court rejected in ruling on his underlying motion for compassionate release.[2] (*See* Def.'s Mot. at 3-9; Gov't Opp'n at 3.) Diaz is recovering from a knee replacement at FMC Devens and the individuals who previously helped him draft his motion for reconsideration are not available, which serves as the basis for his present motion for appointment of counsel. (Def.'s Mot. Appointment Couns. at 3.)

## LEGAL STANDARD

First, "[a] defendant has no right to the assistance of counsel in filing a motion for compassionate release [under 3582(c)][.]" *United States v. Collado*, No. 14-CR-731, 2021 WL 3023685, at *1 (S.D.N.Y. July 16, 2021) (Swain, C.J.) (citing *United States v. Fleming*, No. 20-1776-CR, 2021 WL 2944239, at *3 (2d Cir. July 14, 2021)). However, counsel may be appointed when, among other things, a defendant demonstrates that "his application for compassionate release is likely to have merit." *See United States v. Davidson*, No. 15-CR-288, 2022 WL 484829, at *4 (S.D.N.Y. Feb. 17, 2022) (Berman, J.) (citation omitted).

Second, reconsideration is an "'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *United States v. Lisi*, No. 15-CR-457, 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (Failla, J.) (citation omitted). Reconsideration may be granted where the moving party meets the "heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the need to correct a

---

[2] Diaz proffers new evidence, however, that the Warden denied his request for compassionate release on August 12, 2022, approximately three months after he had filed his underlying motion. (*See* Def.'s Mot. at 12.)

clear error or prevent a manifest injustice.'" *See e.g.*, *Frias*, 2022 WL 3700088, at *2 (citation omitted); *Lisi*, 2020 WL 1331955, at *2 ("[t]he moving party must 'point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'").

## DISCUSSION

Despite the length of Diaz's motion for reconsideration, Diaz does not identify a change in law, new evidence, or a clear error that warrants reconsideration of the Court's earlier decision. The Court finds that Diaz's motion for reconsideration is not likely to succeed on the merits and, therefore, DENIES Diaz's motion for appointment of counsel. *See United States v. Cajigas*, No. 08-CR-391, 2021 WL 1392008, at *1 (S.D.N.Y. Apr. 12, 2021) (Marrero, J.) (declining to appoint counsel to assist defendant in moving for reconsideration of the court's decision denying his motion for compassionate release because the motion for reconsideration had a "low likelihood of success.").

## CONCLUSION

For the foregoing reasons, Diaz's motion for appointment of counsel is DENIED. Should Diaz wish to file a reply, he is granted two additional weeks to do so. Diaz must file his reply, if any, by November 17, 2023. The Court wishes Diaz a full and speedy recovery.

The Clerk is respectfully directed to close the pending motion at ECF No. 45 and mail a copy of this Opinion and Order to Diaz.

SO ORDERED.

Dated: New York, New York             */s/ Kimba M. Wood*
       September 29, 2023                KIMBA M. WOOD
                                                United States District Judge