```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 03, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

               -against-

JUAN DIAZ,

               Defendant.

-------------------------------------------------------X

90-CR-861 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Juan Diaz, proceeding *pro se*, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 49.) The Government opposes Diaz's motion for compassionate release. (Gov't Opp'n, ECF No. 52.) For the reasons set forth below, Diaz's motion is DENIED.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are detailed in the Court's decision denying Diaz's first motion for compassionate release. (*See* Op. & Order, ECF No. 41.) As relevant here, Diaz was hired as an enforcer for the Rivera Heroin Organization ("RHO") in the summer of 1988. (Presentence Investigation Report ("PSR") ¶ 78, ECF No. 27-5; Gov't Opp'n at 1.) Diaz was paid $1,000 a week to intimidate the RHO's workers, and to commit murders for the RHO. (PSR ¶ 78.) At the request of the RHO's leader, Diaz shot and murdered two individuals, for which Diaz was paid money and a small amount of cocaine. (*Id.* ¶¶ 79–82, 84.)

1

Diaz was charged with (1) conspiring to distribute and to possess with the intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846 ("Count One"); (2) two counts of committing murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959, otherwise known as the Violent Crimes in Aid of Racketeering Activity Act ("VCAR") ("Counts Two and Three"); and (3) two counts of using and carrying a firearm during a crime of violence, both in violation of 18 U.S.C. § 924(c) ("Counts Four and Five"). (*Id.* ¶¶ 2–6; Gov't Opp'n at 2.)

Following an eleven-day jury trial, Diaz was convicted on all five counts. (Trial Tr. at 1272:25–1273:14, ECF No. 27-4; PSR ¶ 7; Gov't Opp'n at 2.) On January 22, 1993, Diaz was sentenced to three concurrent terms of life imprisonment on Counts One, Two, and Three, to be followed by a five year term on Count Four, and a twenty year term on Count Five. (J. at 3, ECF No. 27-8.)

**LEGAL STANDARD**

Pursuant to Section 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction."[1] *Id.* Third, the Section 3553(a) sentencing factors must support early release. *Id.*

---

[1] The Court's analysis as to whether a defendant has demonstrated extraordinary and compelling reasons is now controlled by the amended version of U.S.S.G. § 1B1.13, effective November 1, 2023.

## DISCUSSION

### I. Diaz's Motion is Properly Before the Court

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Here, the parties do not dispute that Diaz has exhausted his administrative remedies. (Gov't Opp'n at 6 n.5.)

### II. Diaz Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

In his motion, Diaz argues that an extraordinary and compelling reason exists pursuant to Section 1B1.13(b)(6) of the Sentencing Guidelines. (Def.'s Mot. at 6.) Section 1B1.13(b)(6) provides that an extraordinary and compelling reason exists where a defendant has received an "unusually long sentence"; has served at least ten years of his term of imprisonment; and a change in law produces "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[2] U.S.S.G. § 1B1.13(b)(6).

Assuming, without deciding, that Section 1B1.13(b)(6) is valid,[3] Diaz fails to establish that an extraordinary and compelling reason exists on the basis of that Section. Diaz's sentence of life imprisonment is not grossly disparate relative to the sentence that would likely be imposed today. Diaz was convicted, among other offenses, on two counts of committing murder in aid of

---

[2] Diaz contends that now that the Guidelines are advisory, rather than mandatory as they were when he was sentenced, the Court "would not be constrained to impose a Life sentence" with respect to Counts Two and Three. (Def.'s Mot. at 9–11.) However, because of post-sentencing changes to the VCAR murder statute, Diaz would be subject to a mandatory sentence of life imprisonment (other than death) today, with respect to his VCAR offenses. (Gov't Opp'n at 8.) Because Diaz would be subject to a sentence of life imprisonment today on Counts Two and Three, the Court does not address Diaz's arguments relating to his other counts of conviction. (*Id.*)

[3] The Government contends that Section 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its authority when it promulgated Section 1B1.13(b)(6). (Gov't Opp'n at 5–6.) The Court need not decide this issue to resolve Diaz's motion. *See United States v. Gil*, No. 90-CR-306, 2024 WL 2875206, at *3 (S.D.N.Y. June 7, 2024) (Wood, J.).

3

racketeering, in violation of 18 U.S.C. § 1959.  Pursuant to the current version of 18 U.S.C. § 1959, Diaz would be subject to a mandatory sentence of life imprisonment (other than death) today, with respect to his VCAR offenses.  *See* 18 U.S.C. § 1959(a)(1).  There is no gross disparity between the sentence Diaz received and the one likely to be imposed today, given that Diaz would be subject to a mandatory minimum sentence of life imprisonment on Counts Two and Three.[4]  *See United States v. McGruder*, No. 02-CR-0013, 2024 WL 3176237, at *1 (D. Minn. June 26, 2024) (stating that "there is obviously no 'gross disparity' between [defendant's] sentence and the sentence that would be imposed today [for murder in aid of racketeering activity, in violation of 18 U.S.C. § 1959(a)(1)].  If [defendant] were convicted of the same crime in 2024, he would receive the same sentence: life in prison.").

**III.    The Section 3553(a) Factors Weigh Against Release**

Even if Diaz could demonstrate that an extraordinary and compelling reason for a sentence reduction exists, his motion would fail because the Section 3553(a) factors do not support his early release.  As the Court stated in denying Diaz's first motion for compassionate release, Diaz "shot and murdered two people in the course of his involvement with [the RHO].  These are extraordinarily serious offenses." (Op. & Order at 8.)  The Court maintains the view that Diaz's sentence is necessary to reflect the seriousness of his offense, protect the public, and promote general deterrence.  (*Id.*)  The Court acknowledges that Diaz had a challenging upbringing marked by trauma, (*see* Def.'s Mot. at 11, Ex. 8-C), recognizes the impact that COVID has had on his term of incarceration, and commends Diaz for the progress he has made

---

[4] Diaz also argues that an extraordinary and compelling reason exists because of his rehabilitation.  (*See* Def.'s Mot. at 6.)  28 U.S.C. § 994(t) states that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."  28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d).  The Court commends Diaz for his clean record in prison, and his beneficial activities, mentioned *infra*, but that conduct is not extraordinary and compelling on its own or in combination with other factors.

4

while in custody. (*Id.* at 14–18.) Among other things, Diaz has not incurred any new disciplinary infractions, he has served as a Suicide Watch Inmate Companion, and he has completed educational programs. (*Id.* Exs. 3–4, 7-C, 8-A.) Diaz also has a supportive family. (*Id.* Exs. 9-C–D.) However, these factors do not sufficiently mitigate the seriousness of his offense conduct.

The Court finds that the Section 3553(a) factors weigh against Diaz's release.

## CONCLUSION

For the foregoing reasons, Diaz's motion for compassionate release pursuant to Section 3582(c)(1)(A) is DENIED. The Clerk is respectfully requested to close the pending motion at ECF No. 49 and mail a copy of this Opinion & Order to Diaz.

SO ORDERED.

Dated: New York, New York
      September 03, 2024

                                          */s/ Kimba M. Wood*
                                          KIMBA M. WOOD
                                          United States District Judge